UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>JORGE W. MAISONET-RIVERA,<br><br>**Defendant.** | **Criminal No.** 22-274 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Jorge W. Maisonet-Rivera ("Maisonet")'s "Motion Requesting Homestead Exception of Order." (Docket No. 115.)  Maisonet requests that the Court exempt his principal place of residence in Guaynabo, Puerto Rico from any judicial order of sale or disposition of that property.  Id. at p. 2.  For the reasons set forth below, Maisonet's motion is **DENIED**.

**I.   Background**

On September 21, 2022, Maisonet was sentenced to probation for a term of sixty months.  (Docket No. 17.)  As part of his sentence, the Court ordered Maisonet to pay a $100 Special Monetary Assessment, and $700,000 in restitution to the victim, Vivaldi Servicios de Seguridad, Inc. ("Vivaldi").  Id.  On September 23, 2022, Maisonet and the government submitted their stipulation that

Maisonet was to pay $5,000 monthly until restitution was satisfied, and the Court approved it.  (Docket Nos. 19 and 20.)

On July 16, 2024, Vivaldi informed the Court that Maisonet had stopped making payments.  (Docket No. 69.)  The next day, the government informed the Court that Maisonet still owed $713,648, including interest.  (Docket No. 71.)  Maisonet's last payment was in April 2023.  Id.  As a result, the debt was due in its totality.  Id.  The Court ordered Maisonet to show cause why he should not be held in contempt for failure to pay.  (Docket No. 72.)

On July 29, 2024, Vivaldi informed the Court that Maisonet owned three properties, one of which is his principal place of residence in Guaynabo.  It also requested that the Court order a lien be recorded on the three properties securing the judgment of restitution, and that the Court order the sale of these properties.  (Docket No. 73.)

On September 29, 2024, a show cause hearing was held.  (Docket No. 102.)  Maisonet informed the Court that he was in the process of selling the properties.  Id.  The government requested that the Court allow some time for Maisonet to sell them.  The Court ordered Maisonet to not do anything with the properties until further notice and ordered Vivaldi to propose appraisers and real estate brokers.  Id.  The same day, the government and Maisonet filed another stipulation.  (Docket No. 100.)  The Court granted the

Criminal No. 22-274 (FAB)                                                              3

stipulation, which stated that Maisonet would make monthly payments of $800 until full satisfaction of the monetary imposition in his judgment. (Docket No. 101.) Additionally, after the first three payments, the Court would "review and determine if the proceeds of the sale of defendant's real estate properties are sufficient to satisfy the restitution balance owed." Id. Finally, the Court authorized the Government to file Notices of Liens in the Property Registries. Id.

On February 5, 2025, a status conference was held. (Docket No. 110.) There, Maisonet made no objection as to the real estate broker and the appraiser that were chosen. Id. The Court ordered the properties to be appraised within forty-five days and allowed another "ninety days after the appraisal is done for the broker to market and sell the properties." Id. On March 24, 2025, the government informed the Court of the appraisal amounts for each of the three properties. (Docket No. 112.)

Maisonet then filed his motion to exempt his principal residence in Guaynabo from sale. (Docket No. 115.) He argues that the Guaynabo property, as his principal residence, is subject to a homestead exemption recorded in the Registry of Property, and requests the court to exempt it from sale. (Docket Nos. 115 and 125-1.) Vivaldi and the government opposed. (Docket Nos. 117 and 120.)

## II.  Legal Standard

### A.  The Mandatory Victims Restitution Act

Restitution is "a mechanism for making a victim whole by restoring the monetary equivalent of the losses suffered in the consequence of the defendant's criminal activity." United States v. Salas-Fernández, 620 F.3d 45, 48 (1st Cir. 2010).  In 1996, Congress enacted the Mandatory Victims Restitution Act ("MVRA") to "provide those who suffer the consequences of crime with some means of recouping personal and financial losses." United States v. Perry, 360 F.3d 519, 530 (6th Cir. 2004) (quoting H.R. Rep. No. 104-16, at 5 (1995)); see Dolan v. United States, 560 U.S. 605, 612 (2010) (noting that Congress passed the MVRA "to ensure that victims of crime receive full restitution").

A defendant convicted of an offense against property, including any offense committed by fraud or deceit "[shall] make restitution to his victim." United States v. Innarelli, 524 F.3d 286, 292 (1st Cir. 2008) (citing 18 U.S.C. § 3663A(a)). Restitution is imposed "in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."  18 U.S.C. § 3664(f)(1)(A).

"An order of restitution may be enforced by the United States in the manner provided for in [section 3613]." 18 U.S.C.

Criminal No. 22-274 (FAB)                                                    5

§ 3664(m)(1)(A)(i).  Pursuant to section 3613, the United States may enforce a judgment imposing a fine or order of restitution "in accordance with the practice and procedures for the enforcement of a civil judgment under Federal law or State law[, n]otwithstanding any other Federal law."  18 U.S.C §§ 3613(a), 3613(f).  The United States can use the practices and procedures under the Federal Debt Collection Procedure Act ("FDCPA") to enforce the orders of restitution.  United States v. Witham, 648 F.3d 40, 47-48 (1st Cir. 2011).

Section 3613 also states that an order of restitution imposed under section 3663A, such as the one at issue here, "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986."  18 U.S.C. § 3613(c).  Section 3613 has been interpreted to mean that the government has a tax lien against a defendant's property when an order of restitution is imposed pursuant to section 3663A.  See United States v. Hyde, 497 F.3d 103, 107 (1st Cir. 2007).

    B.    **Homestead Protection Act of Puerto Rico**

In Puerto Rico, the Homestead Protection Act ("Homestead Act") states "every individual or head of family . . . shall be entitled to own and enjoy, under the homestead right concept, a

parcel and the structure located thereon . . . which belongs to him/her or which he/she lawfully owns, and occupied by him/her or his/her family exclusively as a principal residence." P.R. Laws Ann. tit. 31, § 1858. The homestead right, however, shall be deemed to be waived "in case of state and federal tax collection." P.R. Laws Ann. tit. 31, § 1858a.

**III. Discussion**

Maisonet argues that the Guaynabo property is his principal residence, which has a homestead right recorded in the Registry of Property and as a result, should be exempt from a forced sale. (Docket Nos. 115; 125-1 at pp. 11-12.) Vivaldi argues the homestead right does not apply because the order of restitution falls within one of the exceptions to the homestead right as a federal tax lien and the property can be sold to satisfy the restitution amount. (Docket No. 117.) The government agrees with Vivaldi.[1] (Docket No. 120.) The government and Vivaldi are correct.

Maisonet concedes that there is no conflict between enforcement of the restitution order under section 3613 and the Homestead Act. (Docket No. 118 at p. 2.) The Court agrees

---

[1] The government cites in their opposition a repealed version of the Homestead Protection Act. See Docket No. 120. These provisions are no longer applicable, and the Court has cited the appropriate sections of the Homestead Act in the previous section. See supra pp. 4-5.

Criminal No. 22-274 (FAB)                                          7

that there is no conflict between section 3613 and the Homestead Act because the order of restitution is considered a federal tax lien and can be collected under the Homestead Act. Therefore, Maisonet's Guaynabo property can be sold despite his homestead right.

   Maisonet only argues that Vivaldi and the government cannot force a sale of his primary residence because he has not been delinquent with his payments.  Id.  This argument, however, is not accurate.  Although Maisonet is currently submitting monthly payments of $800 in accordance with the court order entered at Docket No. 101, that order also acknowledges that the properties were in the process of being sold.  (Docket No. 101; see also Docket No. 110.)  Therefore, the sale of Maisonet's properties were triggered when Vivaldi informed the court on July 17, 2024 that Maisonet had stopped making monthly restitution payments.  See Docket Nos. 19 and 20.)  Maisonet remains delinquent on his restitution payments.  The monthly $800 payments towards the restitution balance that Maisonet alludes to were implemented while the process of appraisal and sale of the properties occurred. Maisonet shall continue making these payments until the amount owed in restitution is satisfied.  See Docket No. 101.

Criminal No. 22-274 (FAB)     8

## IV. Conclusion

For the reasons set forth above, Maisonet's motion requesting homestead exception of order is **DENIED**. (Docket No. 115.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 5, 2025.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE
